UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MEACHEALL DUDLEY,

    Plaintiff,

v.    Case No. 8:13-cv-2160-T-33TBM

PROVIDENT SECURITY, INC.,
a Florida Corporation,
and UNITED AMERICAN SECURITY,
LLC, a Foreign Limited Liability
Company,

    Defendants.
_____/

**ORDER**

This cause is before the Court pursuant to Defendant Provident Security, Inc.'s Motion to Remand (Doc. # 7) filed on September 19, 2013. At this juncture, no response has been filed and the time to do so has passed. As such, the Court considers the Motion unopposed. Upon due consideration and for the reasons stated below, the Court grants Provident Security Inc.'s Motion and remands this case to the Circuit Court of the Sixth Judicial Circuit, in and for Pasco County, Florida.

**I.    Background**

On July 3, 2013, Plaintiff Meacheall Dudley filed a complaint in state court against Defendants Provident Security, Inc. and United American Security, LLC. (Doc. # 2). The complaint alleged violations of the Family Medical Leave Act, 42 U.S.C. § 1981, and Title VII of the Civil Rights Act. (Id.).

United was served on July 23, 2013 (Doc. # 1 at ¶ 2), and on August 10, 2013, service was effected upon Provident. (Doc. # 7 at 1 ¶ 2). Thereafter, on August 21, 2013, United timely filed a notice of removal with the Court contending removal was proper because this Court has original jurisdiction over the action pursuant to 28 U.S.C. § 1331 as a result of the alleged violations set forth in the complaint. (Doc. # 1 at ¶ 3).

Provident filed the present Motion on September 19, 2013. (Doc. # 7). In the Motion, Provident contends that its consent is necessary to effectuate proper removal under 28 U.S.C. § 1446. (Id. at 2). However, United "failed to seek or gain [Provident's] consent or allege in its Notice of Removal any reason why such consent was . . . unnecessary." (Id. at 2-3). Therefore, as a result of United failing to obtain Provident's consent, and Provident

having no intention of consenting to removal of this action, Provident argues remand is required. (Id. at 3).

**II. Discussion**

    **A.   Consent**

"[T]he law is well settled that in cases involving multiple defendants, all defendants must consent to the removal of a case to federal court." Russell Corp. v. Am. Home Assurance Co., 264 F.3d 1040, 1049 (11th Cir. 2001); In re Bethesda Mem'l Hosp. Inc., 123 F.3d 1407, 1410 n.2 (11th Cir. 1997)("The failure to join all defendants in the petition is a defect in the removal procedure.").

This concept is often referred to as the "unanimity requirement." Russell Corp., 264 F.3d at 1044. "Like all rules governing removal, [the] unanimity requirement must be strictly interpreted and enforced because of significant federalism concerns arising in the context of removal jurisdiction." Id. at 1049. Under the unanimity requirement, to properly effect removal "each defendant must join in the removal by signing the notice of removal or by explicitly stating for itself its consent on the record, either orally or in writing, within the 30-day period prescribed in 28 U.S.C. § 1446(b)." Diebel v. S.B. Trucking Co., 262 F. Supp. 2d 1319, 1328 (M.D. Fla.

3

2003)(quoting Nathe v. Pottenberg, 931 F. Supp. 822, 825 (M.D. Fla. 1995)).

Dudley initiated this action in state court against two defendants – Provident and United. (See Doc. # 2). Therefore, in order to properly remove this action, United is required to comply with the unanimity requirement. As such, Provident would have to join in the removal with United by signing the notice of removal or by explicitly stating for itself its consent on the record, either orally or in writing, within the 30-day period pursuant to 28 U.S.C. § 1446(b).

Provident expressly indicates in its Motion that "United failed to seek or gain Provident's consent or allege in its Notice of Removal any reason why such consent was . . . unnecessary." (Doc. # 7 at 2-3). Additionally, Provident asserts it has no intention to consent to removal of this action. (Id. at 3). Therefore, the Court finds that the unanimity requirement has not been satisfied.

**B.    Exceptions**

The Court notes that there are three exceptions to the requirement that all defendants consent to removal: (1) the non-consenting defendant had not been served with process at the time the notice of removal was filed; (2) the non-

consenting defendant is a nominal or formal defendant; or (3) removal is pursuant to § 1441(c). Bradwell v. Silk Greenhouse, Inc., 828 F. Supp. 940, 943 n.2 (M.D. Fla. 1993).

### i. First Exception

In its Motion, Provident asserts it was served on August 10, 2013. (Doc. # 7 at 1 ¶ 2). As previously mentioned, United filed its notice of removal on August 21, 2013. (Doc. # 1). Therefore, because Provident had already been served with process at the time the notice of removal was filed, the Court finds that the first exception does not apply.

### ii. Second Exception

In general, "nominal or formal parties, being neither necessary nor indispensable, are not required to join in the petition for removal." Smith v. Health Ctr. of Lake City, Inc., 252 F. Supp. 2d 1336, 1338 n.5 (M.D. Fla. 2003) (quoting Tri-Cities Newspapers, Inc. v. Tri-Cities Printing Pressmen and Assistants' Local 349, Int'l Printing Pressmen and Assistants' Union of N.A., 427 F.2d 325, 327 (5th Cir. 1970)). "The ultimate test of whether the . . . defendants are . . . indispensable parties . . . is whether in the absence of the [defendant], the Court can enter a final

5

judgment consistent with equity and good conscience which would not be in any way unfair or inequitable to plaintiff." Id. (quotation omitted). Whether a party is necessary or indispensable "depends on the facts in each case." Diebel, 262 F. Supp. 2d at 1330; see Tri-Cities Newspapers, Inc., 427 F.2d 325 at 327.

In the complaint, Dudley states he was hired by Provident and during his employment he regularly worked in excess of forty hours, which allowed him to earn overtime compensation. (Doc. # 2 at ¶¶ 10-11). However, upon Dudley reporting inappropriate behavior by a colleague, Dudley claims he was no longer permitted to work overtime while other colleagues were. (Id. at ¶ 14). As such, Dudley filed a charge of discrimination with the EEOC against Provident. (Id. at ¶ 16).

Roughly two months later, Dudley was placed on approved leave under the FMLA. (Id. at ¶ 17). The day before Dudley intended to return to work, Dudley spoke with the district manager about her return. (Id. at ¶ 20). At that time, Dudley was informed that "[United] had purchased [Provident] while [Dudley] was on FMLA leave and assumed all employees and assets, and [United] did not want [Dudley] as an employee since she had a charge of

discrimination pending with the EEOC." (Id.). As a result, Dudley initiated a lawsuit against Provident and United. (Doc. # 2). All of the violations in Dudley's complaint are asserted against both Provident and United. (See id.).

Upon review of the complaint, this Court finds that in the absence of Provident, the Court could not "enter a final judgment consistent with equity and good conscience which would not be in any way unfair or inequitable to plaintiff." See Smith, 252 F. Supp. 2d at 1338 n.5. Dudley's claims against United are directly related to the claims against Provident. Therefore, this Court finds that the second exception does not apply.

### iii. Third Exception

The unanimity requirement does not apply if removal is pursuant to 28 U.S.C. § 1441(c). In its notice of removal, United appears to seek removal pursuant to § 1441(a), which states[1]:

> [A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the

---

[1] The Court notes that in the notice of removal, United seeks removal based on 28 U.S.C. § 1441(b). However, the language United provides correlates with 28 U.S.C. § 1441(a). Nonetheless, the Court finds that its reasoning applies regardless of whether United intended removal under subsection (a) or subsection (b).

> defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

28 U.S.C. § 1441(a). Specifically, United claims this Court has original jurisdiction pursuant to 28 U.S.C. § 1331 because the complaint alleges violations of the Family Medical Leave Act, 42 U.S.C. § 1981, and Title VII of the Civil Rights Act, and therefore, removal is proper. (See Doc. # 7). As United has not sought removal pursuant to 28 U.S.C. § 1441(c), the Court finds that the third exception does not apply.

For the reasons set forth above, this Court finds that none of the exceptions to the unanimity requirement apply. As a result, this Court must remand this action unless the law allows United to correct the deficiency of its notice of removal to reflect the consent of Provident.

### C. **Correction of Deficiencies**

"Deficiencies in the notice of removal can be corrected within the thirty day time period; however, once the thirty day time period has elapsed 'the notice of removal may be amended only to set out more specially grounds of removal that already have been stated, albeit, imperfectly in the original petition.'" Bradwell, 828 F.

Supp. at 943 (quoting Alexander By Alexander v. Goldome Credit Corp., 772 F. Supp. 1217, 1221 (M.D. Ala. 1991)).

In this case, the thirty day period for removal, as set forth in 28 U.S.C. § 1446(b), has expired. Accordingly, United can only amend its notice of removal if indicating Provident's consent falls within the narrow purview of setting out "more specially grounds for removal that already have been stated, albeit imperfectly, in the original petition." See Alexander, 772 F. Supp at 1221. Upon review, this Court finds that it does not. "The absence of allegations that all defendants consent to removal is a substantive, rather than technical defect," and thus, "the notice of removal may not be amended following the thirty day period to include such an allegation." Id. at 1221-22.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

(1) Defendant Provident Security, Inc.'s Motion to Remand (Doc. # 7) is **GRANTED.**

(2) The Clerk is directed to remand this matter to the Circuit Court of the Sixth Judicial Circuit, in and for Pasco County, Florida. After remand has been effected, the Clerk shall close the case.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 8th day of October, 2013.

/s/ Virginia M. Hernandez Covington
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies: All Counsel of Record